FILED
2017 Apr-04  PM 02:56
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **IRA JOE HARRIS,**<br>**NAKIAL HOLLAND,**<br>**ANDREW BURNS,**<br>**individually and on**<br>**behalf of all others similarly**<br>**situated,** | § <br> § <br> § <br> § <br> § <br> § <br> § | |
| **Plaintiffs,** | § <br> § | |
| **v.** | § <br> § | **Case No.: _____** |
| **WASTE SERVICES OF**<br>**ALABAMA, LLC, and**<br>**SANTECK WASTE**<br>**SERVICES, INC.,** | § <br> § <br> § <br> § <br> § | |
| **Defendants.** | § | |

## COMPLAINT

COMES NOW the Plaintiffs, Ira Joe Harris, Nakial "Nick" Holland, Andrew Burns and files this lawsuit against the Defendants, Waste Services of Alabama, LLC., (hereinafter: "Waste Services" or "TTA"), and Santeck Waste Services, Inc. on behalf of himself and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

## PARTIES

1.      The Defendant Waste Services is a corporation conducting business in the State of Alabama. Defendant also operates five other store locations throughout the state.

2.      The Defendant Santeck Waste Services, Inc. is the parent corporation of Defendant Waste Services, conducting business in the State of Alabama. Defendant also operates

twenty-one (21) other store locations throughout the nation.

3.      At all times material to this action, the Plaintiff Ira Joe Harris is over the age of nineteen (19) and was employed by Defendant at its Alabama Location: 656 Stuart Lane, Pelham, AL 35124.

4.      At all times material to this action, the Plaintiff Nakial "Nick" Holland is over the age of nineteen (19) and was employed by Defendant at its Alabama Location: 656 Stuart Lane, Pelham, AL 35124.

5.      At all times material to this action, the Plaintiff Andrew Burns is over the age of nineteen (19) and was employed by Defendant at its Alabama Location: 656 Stuart Lane, Pelham, AL 35124.

## JURISDICTION AND VENUE

6.      This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq., -- specifically the collective action provision of the Act found at Section 216(b) -- for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by the Defendants, which has deprived the Plaintiffs, as well as others similarly situated to the Plaintiffs, of their lawful wages.

7.      This action is brought to recover any and all unpaid compensation (including but not limited to: salary, sales incentives, commissions, bonuses, vacation and sick time) owed to Plaintiffs and all employees and former employees of Defendants who are similarly situated, pursuant to the FLSA.

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.      Venue is proper in the Northern District of Alabama under 28 U.S.C. §

1391(b).

10.      Defendants are subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

## FAIR LABOR STANDARDS ACT CLAIMS

11.      For at least three years prior to filing this complaint, the Defendant Waste Services has had a uniform policy and practice of consistently requiring its alleged "lead driver" employees to work over forty (40) hours per week for a specified hourly rate without overtime compensation in a position not corresponding to a managerial position exemption. The Plaintiffs' primary duty was neither managing the enterprise, nor managing a customarily recognized department or subdivision of the enterprise.

12.      The Plaintiffs did not customarily or regularly direct the work of two or more other full-time employees or their equivalent.

13.      The Plaintiffs did not have the authority to hire, fire, or promote any employees.

14.      The Plaintiffs' work duties consisted primarily of performing non-managerial functions, including, but not limited to driving and operating a trash collecting truck.

15.      The Plaintiffs, as well as all similarly situated other alleged managerial employees, were promised a specified hourly rate of compensation.

16.      The Plaintiffs, as well as other similarly situated employees, were not paid any overtime compensation despite the fact that the employees worked 20-50 hours a week over the required 40 hours and that the vast majority of their hours were spent performing non-managerial job duties.

17.      Defendants failed to adequately maintain records of employment pursuant to 29 C.F.R. § 516.5.

18.     The Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid sales incentives, commission, bonuses, vacation and sick time, overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

19.     At all times material to this action, Defendants were and are enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

20.     At all times relevant to this action, Defendants were "employers" of the named Plaintiffs as defined by §203(d) of the FLSA.

21.     At all times material to this action, the Plaintiffs were and are "employees" of Defendants as defined by §203(e)(1) of the FLSA, and worked for the Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

22.     The provisions set forth in §§ 206 and 207, respectively, of the FLSA apply to the Defendants, and all members of the Plaintiffs class were covered by §§ 206 and 207 of the FLSA while they were employed by the Defendants.

23.     At all times relevant to this action, the Defendants employed the Plaintiffs in the nominal capacity of managerial employees, including, but not limited to, "Lead Driver."

24.     The services performed by Plaintiffs were a necessary and integral part of and directly essential to the Defendants' business.

25.     The Plaintiffs and other similarly situated managerial employees were required to perform both non-managerial duties without sales incentives, overtime compensation, commission, bonuses, vacation or sick time.

26.     The Defendants have intentionally failed and/or refused to pay the Plaintiffs and

other managerial salary/rates according to the provisions of the FLSA.

27.     The systems, practices, and duties of the named Plaintiffs have existed for at least three years throughout the Defendants' businesses.

28.     For at least three years, the Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide managerial employees with sales incentives, commission, overtime compensation, bonuses, vacation and sick time. Despite this knowledge, the Defendants have failed to pay  its  employees the  mandatory lawful  incentives, commission, overtime compensation, bonuses, vacation and sick time to conform the duties of these employees to the requirements of the FLSA.

29.     The Defendants have intentionally and repeatedly misrepresented the true status of managerial compensation to its employees as well as their entitlement to managerial incentives, commission, bonuses, overtime compensation, vacation and sick time in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. The Plaintiffs, as well as other similarly situated present and former employees, relied upon these misrepresentations by Defendants and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

30.     As a result of the actions of the Defendants fraudulently concealing the  true status of its employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. § 255(a) is tolled for long as Defendants engaged or engages in the fraudulent and  misleading  conduct set forth above, which is a  period of  at least ten (10) years. Defendants are estopped from raising such statute of limitations as a bar.

31.     There are numerous other  similarly  situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the

issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Defendants and are readily identifiable and locatable through the Defendants' records. Specifically, all Store Managers and former Store Managers of Defendants who were not compensated at a time and a half rate for all hours worked over forty (40) hours per week, would benefit from Court- Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

32.     Defendants further have engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay the Plaintiffs and other similarly situated employees and former employees in accordance with § 207 of the FLSA.

33.     As a result of the Defendants' violations of the FLSA, the named Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive managerial compensation in accordance with § 207 of the FLSA.

34.     In addition to the amount of unpaid wages and benefits owing to the Plaintiffs and all other similarly situated, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and prejudgment interest.

35.     The Defendants' actions in failing to compensate the Plaintiffs, as well as other similarly situated employees and former employees, in violation of the FLSA, were willful.

36.     The Defendants have not made a good faith effort to comply with the FLSA.

37.     The Plaintiffs, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, prays for the following relief:

A.      At the earliest possible time, he be allowed to give notice, or that the Court issue such Notice, to all of Defendants' employees in all locations within the United States during the three years immediately preceding the filing of this suit, to all other potential Plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid managerial compensation and benefits pursuant to 29 U.S.C. §216(b);

B.      That the Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

C.      Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and

D.      Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## JURY DEMAND

Plaintiffs' demand a trial before a struck jury.

Submitted this March 31, 2017.

7

Respectfully submitted,

/s/  *J. Allen Schreiber*
J. Allen Schreiber

/s/ *Lauren E. Miles*
Lauren E. Miles

**BURKE HARVEY, LLC**
3535 Grandview Parkway, Suite 100
Birmingham, AL 35243
Phone: 205-930-9091
Fax:  205-930-9054
aschreiber@burkeharvey.com
lmiles@burkeharvey.com
***ATTORNEYS FOR PLAINTIFFS***

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

Waste Services of Alabama, LLC
c/o National Registered Agents, INC. 2 North
Jackson Street, Suite 605
Montgomery, AL 36104