# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IRA JOE HARRIS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 2:17-cv-00531-JHE |
| WASTE SERVICES OF ALABAMA, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

Plaintiffs Ira Joe Harris ("Harris"), Nakial Holland ("Holland"), and Andrew Burns ("Burns") (collectively, the "Plaintiffs") and Defendants Waste Services of Alabama, LLC ("Waste Services") and Santek Waste Services, Inc. ("Santek") (collectively, the "Defendants") have jointly requested approval of their settlement agreement, which represents the resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Docs. 36, 37, 39 & 41).[2] For the reasons set forth below, the court approves the parties' settlement.

### I. Background Facts

On April 4, 2017, the plaintiffs filed this action on behalf of themselves and similarly situated employees, alleging they were improperly deprived of overtime compensation in violation

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 30).

[2] Prior to filing the latest-filed iteration of their motion, (doc. 41), the parties filed three previous motions seeking settlement approval, (docs. 36, 37 & 39). The undersigned construes the current motion as an amendment to the immediately previous motion, (doc. 39), and considers the two together. The other motions, (docs. 36 & 37), are **DENIED AS MOOT**.

of the FLSA by the defendants. (Doc. 1). Specifically, the plaintiffs allege that, as "lead drivers" for Waste Services (whose parent company is Santek), they were required to work more than forty hours per week without overtime compensation despite the fact they were not subject to the FLSA's managerial position exemption. (*See id.*). On June 14, 2017, the plaintiffs amended their complaint. (Doc. 17). On June 28, 2017, both Santek and Waste Services moved for dismissal. (Docs. 18 & 19). Santek moved for dismissal of all of the plaintiffs' claims against it, arguing the court lacks personal jurisdiction over it and, alternatively, that the plaintiffs had failed to state a claim upon which relief could be granted. (*See* doc. 18). Waste Services moved to dismiss the complaint in part to the extent it sought unpaid bonuses, vacation, and sick time; relief beyond the longest applicable limitations period; and relief for any employees beyond "lead drivers." (*See* doc. 19). Those motions are fully briefed and remain pending. The defendants have reached agreements with the three plaintiffs and two nonparties, who are additional claimants. (Doc. 41-1). The undersigned has reviewed those agreements.

The defendants have agreed to pay $4,000.00 to Harris, $2,500.00 to Holland, and $2,500.00 to Burns, with half representing back wages and half representing liquidated damages. (Docs. 39 at ¶ 8; 49-1 at 19, 27, 35). Additionally, the defendants have agreed to pay $2,000.00 to each of the two nonparty claimants on the same terms. (Docs. 39 at ¶ 8; 49-1 at 3, 11). Under each agreement, the defendants will pay $1,800.00 to plaintiffs' counsel (who also represent the additional claimants), for a total of $9,000.00. (Docs. 39 at ¶ 12; 49-1 at 3, 11, 19, 27, 35). The parties stipulate and agree the terms set forth in the agreements, including the amounts paid to each plaintiff and nonparty, represent a fair and reasonable resolution of a bona fide dispute. (Doc. 39 at ¶¶ 4, 6, & 9-12).

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

The parties' dispute as to the merits of the case is legitimate. Specifically, the plaintiffs allege the defendants failed to compensate them for between three and ten overtime hours worked

per week (with the nonparty claimants alleging two to five uncompensated overtime hours per week); the defendants deny this, stating the plaintiffs and nonparty claimants were properly compensated for all the hours they worked. (Doc. 39 at ¶¶ 4-7, 9). Further, the parties dispute whether this court has personal jurisdiction over Santek and the extent to which the plaintiffs' claims against either defendant could survive the pending motions to dismiss. (*See* docs. 18, 19, 25, 26, 27 & 28). The settlement is appropriate for the disputed wages. The named plaintiffs and the nonparty claimants each receive an amount proportional to the number of hours of overtime they claim they worked. Additionally, the plaintiffs' basis for the compromise of their claims— the expense and inherent risks in litigation, including the pending motions to dismiss and the likely costs of discovery, pretrial preparation, and trial—is reasonable. (*See* doc. 39 at ¶¶ 5 & 9). The undersigned also notes that the parties (and nonparties) were all represented by counsel throughout the litigation and the negotiation of this settlement. Plaintiffs' attorneys' fees were separately negotiated so as not to affect the plaintiffs' and nonparty claimants' recovery. (*Id.* at ¶ 7 & 10). "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). Therefore, the undersigned finds the attorneys' fees are reasonable.

One issue prevented approval of the settlement as presented in the previous motion, (doc. 39). Each settlement agreement contained the following pervasive release:

> <u>Release</u>: As consideration for this Agreement, [Plaintiff or Claimant] hereby releases and forever discharges Defendants, their parents, subsidiaries, affiliates, all related business entities, predecessors, successors, assigns, their current and former managers, supervisors, and agents (none of whom admit any liability to [Plaintiff or Claimant] but all of whom expressly deny any liability) from, and covenants never to sue or charge any of them with respect to, any and all charges, claims, damages, actions, causes of action or lawsuits of any kind of nature whatsoever, including but not limited to claims under the FLSA, 29 U.S.C. § 201 *et seq.*, claims arising under federal, state and local statutory or common law, claims arising from or related to employment agreements, contracts (express and implied), torts, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and any other federal, state, or local statutes or any common law claim or remedy, all statutory and common law claims of retaliation, and all claims for damages or attorneys' fees based on any such claims, arising out of, or pertaining in any way to, [Plaintiff or Claimant]'s employment with Defendants, up to the date of [Plaintiff or Claimant]'s signing this Agreement. If any claim is not subject to release, to the extent permitted by law, [Plaintiff or Claimant] waives any right or ability to be a class or collective action representative or otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other release identified in this Agreement is a party.

(*See* docs. 39-1 at ¶ 7; 39-2 at ¶ 7; 39-3 ¶ 7; 39-4 at ¶ 7; & 39-5 at ¶ 7). A defendant may not "use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). These provisions went far beyond releasing Waste Services and Santek from liability under the FLSA, instead attempting to capture every conceivable cause of action the plaintiffs and nonparty claimants could have against the defendants regardless of its connection to their unpaid overtime. The undersigned held a telephone conference with the parties on December 15, 2017, and the parties stated they would amend their agreements to modify this clause. The new agreements, attached to the amended motion, contain a much narrower release clause that confines itself to "any and all charges, claims, damages, causes of action or lawsuits of the claims specifically pled in this civil proceedings under the FLSA, 29 U.S.C. § 201 *et seq.*, and

all claims for damages or attorneys' fees based on any such claims, arising out of, or pertaining in any way to, [Plaintiff or Claimant's] action against Defendants, up to the date of [Plaintiff or Claimant's] signing this Agreement." (Doc. 41-1 at 4-5, 12-13, 20-21, 28-29, 36-37). The undersigned finds this is consistent with the FLSA and is permissible. Therefore, the settlement is approved.

### III. Conclusion

The court finds plaintiffs' FLSA claims represent a bona fide dispute over FLSA provisions and the parties' monetary settlement is a fair and reasonable resolution of these bona fide disputes. Therefore, the parties' third motion for settlement approval, (doc. 39), as amended by their fourth motion for settlement approval, (doc. 41), is **GRANTED**, and the settlement agreements contained in the fourth motion are **APPROVED**. A separate order will be entered.

DONE this 19th day of December, 2017.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE